LIU, J., Concurring.
I join the court’s opinion and write separately to underscore the limited nature of our holding.
*318 Petitioner’s primary claim is a facial challenge to the application of Marsy’s Law to prisoners who committed their crimes before the law was enacted. Petitioner also contends that the statute violates the ex post facto clauses of the federal and state Constitutions as applied to him. Whether the challenge is on its face or as applied, the United States Supreme Court has held that the relevant inquiry is not whether differences exist between the prior parole system and the current system, but “whether the amended [statute] creates a significant risk of prolonging [the prisoner’s] incarceration.” (Garner v. Jones (2000) 529 U.S. 244, 251 [146 L.Ed.2d 236, 120 S.Ct. 1362].) On a facial challenge, the Gamer inquiry requires that this “significant risk” be “inherent in the framework” of the amended schedule. (Id. at p. 251.) Where the statute in question provides the parole board with some discretion, the Garner standard by its nature permits—in fact, requires—the reviewing court to speculate about possible safety valves consistent with the statutory scheme that might mitigate any significant risk of prolonged incarceration.
Applying this rule, the court today concludes that Marsy’s Law on its face does not create a significant risk of prolonged incarceration. In reaching this conclusion, the court speculates on a variety of ways that the Board of Parole Hearings (Board) may exercise its discretion to mitigate the risk of prolonged incarceration. For example, the court says the Board “may” exercise its discretion by directing its staff to conduct interim internal reviews when it believes an inmate might become parole eligible before his or her next scheduled hearing. (See, e.g., maj. opn., ante, at pp. 302, 303-304, 305-306.) The court also says that if something changes to affect an inmate’s parole eligibility during a period in which he or she is barred from submitting a petition for an advanced hearing, the inmate “may” convey the information to the Board outside of a formal petition. (Id. at p. 303, fn. 17.) Further, the court says the Board “may” direct staff to conduct an internal review upon receipt of any such information. (Id. at p. 302.)
All of these possibilities are highly speculative. But they appear to be within the Board’s authority and discretion, and together they weigh against a finding that a significant risk of prolonged incarceration is inherent in Marsy’s Law. However, the fact that these speculative actions may occur does not imply that they do occur in practice. The Attorney General stated at argument that she was not aware of any Board policy or practice of exercising its authority to advance a hearing or to direct staff to monitor or internally review parole eligibility. Today’s opinion acknowledges that no such policy or practice appears in the record before us. (See maj. opn., ante, at p. 301.)
The court also notes that the risk of prolonged incarceration is further mitigated by the fact that many of the factors affecting parole suitability are *319 not “amenable to rapid change.” (Maj. opn., ante, at pp. 303, 306.) I understand this to mean it is possible, even if speculative, that the immutability of some parole factors (e.g., the circumstances of the crime, the inmate’s criminal record, and other factors concerning the inmate’s history), together with the posited discretion of the Board to respond to factors that may change over time (e.g., a prisoner’s insight into his crime, his activities in prison, his parole plans), suggests that Marsy’s Law does not inherently create a significant risk of prolonged incarceration. However, we have no facts before us to determine, one way or another, how rapidly the suitability factors that are amenable to change actually do change, or whether the Board actually exercises its discretion to respond to such changes.
With these observations, I join the court’s limited holding that Marsy’s Law does not violate the ex post facto clauses on its face or as applied to petitioner.
Werdegar, J., concurred.